# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH VIGIL,

    Plaintiff,

v.

SGT. MAGUIRE, *et al.*,

    Defendants.

Case No.: 3:18-cv-00424-MMD-WGC

**ORDER**

Re: ECF No. 36

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 36). Plaintiff bases his motion on the fact that (1) he is unable to afford counsel, (2) his incarceration will greatly limit his ability to effectively litigate his case, (3) the substantive issues and procedural matters in this case are too complex for Plaintiff's comprehension and abilities, and (4) Plaintiff has limited access to the law library. Plaintiff also contends he "has limited education having had to attend 'special classes' throughout his entire time in school (never achieving any sort of degree) and suffering ADHD." (*Id*. at 1, 2.)

While any *pro se* inmate such as Mr. Vigil would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights

under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 3, 4, 7, 10, 13, 14, 24, 25, 26, 29, 30, 32, 35, 36.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

2

| | |
|---|---|
| 1 | The substantive claim involved in this action is not unduly complex. Plaintiff's First Amended Complaint was allowed to proceed on Plaintiff's Eighth Amendment excessive force claim against Defendant Maguire. (ECF No. 9 at 9.) |

The substantive claim involved in this action is not unduly complex. Plaintiff's First Amended Complaint was allowed to proceed on Plaintiff's Eighth Amendment excessive force claim against Defendant Maguire. (ECF No. 9 at 9.)

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. In fact, Plaintiff sets forth no argument whatsoever about the alleged merits of his case or why he is likely to succeed against the one defendant who is remaining in this case, i.e., Sgt. Maguire.

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 36).

**IT IS SO ORDERED.**

Dated: April 13, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3