UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSEPH VIGIL,

    Plaintiff

v.

SGT. MAGUIRE, et. al.,

    Defendants

Case No.: 3:18-cv-00424-MMD-WGC

**Report & Recommendation of United States Magistrate Judge**

Re: ECF Nos. 24, 25

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is Plaintiff's Motion to Amend (ECF No. 24) and proposed Second Amended Complaint (ECF No. 25), with what appears to be additional argument at ECF No. 25-1. Defendant Maguire filed a response. (ECF No. 28) Plaintiff filed a reply. (ECF No. 30.)

    After a thorough review, it is recommended that Plaintiff's motion be denied; that the First Amended Complaint (FAC) (ECF No. 7) be deemed the operative complaint, proceeding only on the Eighth Amendment excessive force claim against Maguire as discussed in the order screening the FAC (ECF No. 9); and, that the remaining claims and defendants be dismissed with prejudice as Plaintiff has had several opportunities to amend to correct the deficiencies noted in the screening orders.

## I. BACKGROUND

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. He is currently housed at

Lovelock Correctional Center (LCC); however, the events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

**A. Original Complaint (ECF No. 6) & Screening Order (ECF No. 5)**

In the original complaint, Plaintiff sued defendants Maguire, Henley, Brendall, Backman, Watkins, Carr, Goff, Bartlett, Brady, Maderos, Tolloti, Miller, Robertson, Conlen, Helatio, Ward, and Baca. He alleged that on February 2, 2018, he asked Maguire why Maguire was always messing with him, and Maguire became visibly angry and began pushing and poking Plaintiff, causing contusions to Plaintiff's chest. Maguire then began choking Plaintiff to the point he could no longer breathe. Plaintiff has severe asthma, and any obstruction to his airway can kill him. Maguire would not let go of Plaintiff's throat until Plaintiff pushed Maguire's hand away. Maguire then handcuffed Plaintiff and slammed Plaintiff's head and face into the wall, causing pain and bruising.

Plaintiff received a write up as a result of the incident, and as a result, he lost his job, progress in school, good time, institutional place of residence, and his yard points escalated. He alleged that Henley refused to investigate the incident. Baca and Ward put Plaintiff in the "hole." He averred that the remaining defendants ignored or minimized his complaints about Maguire or defended Maguire, and some told Plaintiff that NDOC would cover up the incident and they would help Maguire cover it up. He was moved to LCC, which made it practically impossible for him to get witness testimony. Plaintiff referenced the First, Fifth, Sixth, Eighth, and Fourteenth Amendments.

The court issued its order screening the original complaint. (ECF No. 5.) With respect to Count 1, the court set forth the standard for a First Amendment retaliation claim, and found Plaintiff failed to state a colorable claim because he did not allege he engaged in any protected

conduct or that any of his conduct constituted a threat to file a grievance. Therefore, this claim was dismissed without prejudice and with leave to amend. (ECF No. 5 at 4-5.)

In Count II, Plaintiff attempted to assert a Fifth Amendment due process claim. The court explained to Plaintiff that a due process claim against *state* officials is cognizable under the Fourteenth Amendment, and since none of the named defendants were *federal* actors, his Fifth Amendment due process claim was dismissed with prejudice, as amendment would be futile. (ECF No. 5 at 5.)

Plaintiff attempted to assert a Sixth Amendment claim in Count III, related to his allegations that he was not appointed counsel to help prove his innocence in the incident involving Maguire. The court explained that a prisoner does not have a right to retained or appointed counsel in a prison disciplinary hearing. Therefore, this claim was dismissed with prejudice. (ECF No. 5 at 5-6.)

In Count IV, Plaintiff asserted an Eighth Amendment excessive force claim. The court found Plaintiff stated a colorable excessive force claim against Maguire. Plaintiff alleged that the rest of the Defendants either helped Maguire cover up the incident or made no attempt to hold Maguire responsible for his conduct. The court advised Plaintiff that the alleged failure to hold Maguire responsible for his conduct *after the fact* did not impart liability for Maguire's alleged use of excessive force on the other defendants. Plaintiff also alleged that Warden Baca and Assistant Warden Ward promote this type of behavior by allowing this kind of toxic environment to thrive. The court stated that this did not rise to the level of Baca or Ward implementing a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force behind the constitutional violation.'" Therefore, the court dismissed all defendants except for Maguire from this claim without prejudice. (ECF No. 5 at 7.)

With respect to the Fourteenth Amendment due process claim in Count V, the court found Plaintiff failed to state a colorable claim because he has no due process right to participate in work, educational, or vocational training programs. Nor does he have a right to avoid transfer to another prison facility. Finally, Plaintiff did not allege that the disciplinary measures created an atypical and significant hardship for him or that they affected the length of his sentence; therefore, the Fourteenth Amendment due process claim was dismissed without prejudice and with leave to amend. (ECF No. 5 at 7-8.) Plaintiff was given 30 days leave to file an amended complaint.

**B. The First Amended Complaint (ECF No. 7) and Screening Order (ECF No. 9)**

Plaintiff filed his First Amended Complaint (FAC) on October 17, 2019. (ECF No. 7.) The court issued an order screening the FAC on October 29, 2019. (ECF No. 9.)

In the FAC, Plaintiff sued defendants Maguire, Henley, Tolletii, Miller, Baca, Roberson, Backman, Bartlett, Brady, Conlen, Helatio, Maderos, Watkins, Carr, Goff and Ward. Plaintiff alleged that on February 1, 2018, Maguire upbraided him for no apparent reason. Then, the next day, Plaintiff asked Maguire about his hostile demeanor toward Plaintiff, and Maguire got upset and choked and brutally poked Plaintiff, who suffers from asthma. He also threatened to kill Plaintiff for asking the question. He asserted that Baca and Ward put him in the "hole" to stop him from speaking to others about the issue and obtaining the legal assistance he needed. Defendants Backman, Brendall, Brady, Bartlett, Carr, Goff, Miller, Roberson, Tolletii, Conlen and Helatio deliberately did not file reports about the incident. He claims that this hindered his attempts to seek redress for Maguire's actions, and violated NDOC regulations. He again asserted claims under the First Amendment for retaliation, due process violations under the Fifth and

Fourteenth Amendments, an equal protection violation under the Fourteenth Amendment, and excessive force under the Eighth Amendment.

The court screened the FAC. The court construed the FAC as also asserting an access to courts claim. (ECF No. 9 at 4.)

First, the court noted that none of the allegations supported an equal protection claim, and so dismissed that claim without prejudice. (ECF No. 9 at 4, n. 2.)

The court found Plaintiff still failed to state a colorable retaliation claim, because he had not alleged he engaged in any protected conduct. Therefore, the First Amendment retaliation claim was dismissed with prejudice. (ECF No. 9 at 4-5.)

Next, the court reiterated that Plaintiff's claims are grounded in the Fourteenth Amendment (against *state* actors), and not the Fifth Amendment (which applies to *federal* actors); therefore, the court dismissed the Fifth Amendment claim with prejudice. (ECF No. 9 at 5.)

The court interpreted Plaintiff's FAC as asserting Fourteenth Amendment due process claims related to his placement in administrative segregation and based on alleged violation of NDOC policies. The court found Plaintiff failed to state a colorable Fourteenth Amendment due process claim related to his placement in administrative segregation because he did not provide any details about his placement in administrative segregation, such as how long he was there, or what process he was denied. Therefore, this claim was dismissed without prejudice. The court also found Plaintiff did not state a colorable due process claim based on the alleged violation of NDOC regulations because allegations that a defendant violated state law are insufficient to state a Fourteenth Amendment due process claim. Therefore, the claim was dismissed without prejudice. (ECF No. 9- at 5-6.)

The court liberally construed the FAC as including a claim for denial of access to the courts based on the allegation that Plaintiff could not obtain legal counsel while he was in isolation and that the failure to file reports about the incident hindered his attempts to seek redress. The court found Plaintiff failed to state a colorable denial of access to courts claim because Plaintiff did not allege he failed to meet any deadlines or was unable to present a claim as a result of being put in isolation or from the lack of reports on the incident with Maguire. Therefore, this claim was dismissed without prejudice. (ECF No. 9 at 7.)

The court once again found Plaintiff stated a colorable Eighth Amendment excessive force claim against Maguire. The court found, however, that Plaintiff still failed to state an Eighth Amendment excessive force claim against the remaining defendants, whom Plaintiff alleged to have either helped Maguire cover up the incident or made no attempt to hold Maguire responsible for his conduct. Therefore, the remaining defendants except for Maguire were dismissed without prejudice. (ECF No. 9 at 8.)

Defendant Maguire was served on January 13, 2020, and filed an answer on February 5, 2020. (ECF Nos. 20, 21.) The court issued a scheduling order on February 6, 2020, setting among other deadlines, a deadline for a motion for leave to amend of April 6, 2020. (ECF No. 22.)

**C. Second Amended Complaint (ECF No. 25)**

On February 12, 2020, Plaintiff timely filed his motion to amend. (ECF No. 24.) On February 18, 2020, Plaintiff filed a proposed second amended complaint (SAC). (ECF No. 25.)

## **II. LEGAL STANDARD**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after

service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

Maguire was served on January 13, 2020. Plaintiff filed the motion to amend on February 12, 2020, which is more than 21 days after service. Maguire did not consent to amendment; therefore, Plaintiff was required to seek leave of court.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The futility analysis overlaps with the court's screening obligation, which also requires the court to determine whether the allegations in an inmate complaint set forth a colorable claim for relief. Therefore, in determining whether amendment would be futile, the court will essentially engage in a screening of the SAC.

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915A(b)(1) tracks that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the

district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III. DISCUSSION

**A. Local Rule 15-1**

Under Local Rule 15-1, a party moving for leave to amend "must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." LR 15-1(a). Plaintiff filed his motion for leave to amend on February 12, 2020, but did not file the proposed amended complaint until February 18, 2020.

If the court denied the motion on this basis, Plaintiff could file the motion again attaching the proposed SAC. To avoid having to undertake this analysis again, the court has reviewed the substance of the SAC, and as will be discussed below, finds that amendment would be futile.

**B. Defendants**

The SAC lists the following defendants: Sgt. Maguire, Lt. Henley, Sgt. Tolleti, Sgt. Miller, James Baca, Sgt. Roberson, Backman, Brady, Conlen, Helatio, Watkins, Maderos, Carr, Goff, Ward, the State of Nevada ex. Rel. NDOC, and NDOC.

Preliminarily, The State of Nevada and its agencies are not persons that may be sued under section 1983, and furthermore, they may not be sued in federal court because of sovereign immunity under the Eleventh Amendment. *See* U.S. Const. amend XI; *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

Plaintiff's SAC contains a single count with claims that his rights were violated under the First Amendment, Eighth Amendment, as well as the Fifth and Fourteenth Amendments. The court will now analyze each claim, in turn.

**C. First Amendment Retaliation**

In Count 1, Plaintiff first asserts a First Amendment violation based on several sets of allegations. First, he alleges that Sgt. Maguire used excessive force against him when Plaintiff questioned Maguire about his hostile demeanor, which Plaintiff asserts was his free speech. He states that the day before, Maguire had upbraided him, by telling Plaintiff he would kill him. He states that Maguire assaulted him for asking him a question, which is a federally protected right.

Next, he alleges that Baca and Ward had him put in isolation to stop Plaintiff from speaking to others about the issue, which stopped him from obtaining legal assistance that he needed.

He avers that Backman, Brendall, Brady, Bartlett, Carr, Goff, Maderas, Miller, Roberson, Tolleti, Conlen and Helatio failed to file reports to hinder his attempts to seek redress and to cover-up the unconstitutional actions of Maguire as they were required to do under Nevada regulations. He claims their failure to file required reports hindered his ability to prove his claims against Maguire, which had a chilling effect on him.

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). The elements of such a claim are:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

10

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Jones*, 791 F.3d at 1035 (citation and quotation marks omitted).

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities as well as a right of meaningful access to the courts." *Id*. (citation omitted). "[P]urely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (citation omitted).

Preliminarily, Plaintiff attempted to assert a retaliation claim based on very similar allegations in the FAC. The court found he failed to state a colorable claim and the retaliation claim was dismissed *with prejudice*. (ECF No. 9 at 4-5.)

In an abundance of caution, the court has reviewed the allegations of the SAC, and still finds that Plaintiff fails to state a colorable claim.

Plaintiff premises his retaliation claim on his questioning Maguire about his conduct toward him, which Plaintiff qualifies as free speech, and therefore, protected conduct. Plaintiff's question posted to an officer does not amount to protected free speech in terms of a retaliation claim for engaging in protected activity. As was discussed previously, a prisoner has a right to seek redress of grievances and to meaningfully access the courts. There is not a right of unfettered speech in prison.

Plaintiff alleges that Baca and Ward had him put in isolation to stop Plaintiff from speaking to others about the issue, but he does not allege that he advised Baca and Ward that he was airing a complaint so as to imply that he was placed in isolation *because* of protected conduct.

Finally, the failure to of the remaining defendants to file reports does not give rise to a retaliation claim as there is no allegation that he engaged in protected conduct, and that they then failed to file reports because of this conduct.

Therefore, amendment with respect to the retaliation claim would be futile and it should remain dismissed with prejudice.

**D. Eighth Amendment**

Plaintiff again alleges that Maguire intentionally and maliciously physically assaulted him using excessive force when he brutally poked Plaintiff until he was against a wall, and then choked Plaintiff and exacerbated his asthmas condition to the point he could not breathe.

Plaintiff goes on to allege that the other defendants did not properly report the use of excessive force as is required under NDOC regulations.

The court already found Plaintiff could proceed with his Eighth Amendment excessive force claim against Maguire. Plaintiff's claim against the other defendants is premised on the same conduct that the court has already twice found does not give rise to a claim. Amendment in this regard would be futile, and the Eighth Amendment claim against these defendants should be dismissed with prejudice at this juncture.

**E. Fifth and Fourteenth Amendments**

Plaintiff alleges that all the defendants abridged Plaintiff's right to be free from arbitrariness when they failed to report/intervene with respect to the conduct of Maguire. He then avers that Baca and Ward had Plaintiff locked in isolation. He reiterates his claim that the remaining defendants did not intervene by writing the necessary incident reports. He claims that the failure to follow state law and the regulations amounts to a violation of his due process rights.

The court has advised Plaintiff twice that his allegations do not give rise to a claim for violation of his due process rights under the Fifth Amendment, and previously dismissed this claim with prejudice. Therefore, this claim should remain dismissed.

Nor does Plaintiff state a colorable claim for violation of his due process rights under the Fourteenth Amendment in the SAC. Plaintiff predicates his claim on the failure to follow prison regulations regarding incident reports. These are the same allegations the court previously dismissed, advising Plaintiff that the failure to follow state law does not give rise to a Fourteenth Amendment violation. Amendment in this regard would be futile. Plaintiff has not corrected the deficiencies noted in previous screening orders. Therefore, his Fourteenth Amendment due process claim should be dismissed with prejudice.

**F. Conclusion**

Amendment would be futile as the SAC does not state any claim for relief other than the Eighth Amendment excessive force claim against Maguire that has already been allowed to proceed. Therefore, the motion for leave to amend should be denied; the FAC should be deemed the operative complaint, proceeding solely with the Eighth Amendment excessive force claim against Maguire; and, the remaining claims and defendants should be dismissed with prejudice. Once an order on this Report and Recommendation is issued, the court will issue a new scheduling order.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DENYING** Plaintiff's Motion to Amend as amendment would be futile (ECF No. 24);

(2) deeming the FAC (ECF No. 7) the operative complaint and allowing Plaintiff to proceed only with the Eighth Amendment excessive force claim against defendant Maguire; and

(3) **DISMISSING** all other claims and defendants **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 28, 2020

*William G. Cobb*
William G. Cobb
United States Magistrate Judge

14